Filed 4/4/24  P. v. Clark CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C098378 |
| Plaintiff and Respondent, | (Super. Ct. No. CS202300007) |
| v. | |
| BRANDON CLARK, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Brandon Clark asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We will affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

In 2020, Clark was convicted of possession of a firearm as a convicted felon (Pen. Code, § 29800, subd. (a)(1)),[1] possession of a billy club or similar weapon (§ 22210), and unlawful taking of a vehicle (Veh. Code, § 10851, subd. (a)).  The trial court imposed a sentence of six years four months and released Clark on postrelease community supervision (PRCS).

In 2023, the probation department filed a petition to revoke PRCS, asserting Clark had violated terms of his supervision that required him to abstain from use of narcotics and complete a substance abuse residential treatment program.

At the revocation hearing, the People called Sergio Pimentel, Clark's probation officer, as a witness.  Officer Pimentel testified the terms and conditions of Clark's supervision included completion of substance abuse treatment programming.  Although Clark started residential treatment in December 2022, the program terminated him after slightly more than a month.  Officer Pimentel drug tested Clark and received a presumptive positive result for amphetamines.  Clark admitted using methamphetamine after leaving residential treatment.

The trial court found Clark violated the terms of his supervision.  The court reinstated PRCS, released Clark from custody, and ordered him to enter and successfully complete a residential treatment program as a condition of PRCS.  Clark filed a timely notice of appeal.

DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende, supra*, 25 Cal.3d 436.)  Clark was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the

---

[1] Undesignated statutory references are to the Penal Code.

opening brief.  More than 30 days have elapsed, and we have received no communication from Clark.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to Clark.

DISPOSITION

The trial court's order is affirmed.


/s/
BOULWARE EURIE, J.

We concur:


/s/
KRAUSE, Acting P. J.


/s/
ASHWORTH, J.*

---

* Judge of the El Dorado County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.